**Signed: February 12, 2010**



_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    No. 09-71420 TG
                                         Chapter 13
T. DONALD OTERO,

    Debtor.
_____/

**MEMORANDUM AND ORDER DISMISSING CASE**

The above-captioned chapter 13 case was filed on November 30, 2009. On the same day, the above-captioned debtor (the "Debtor") filed a motion for a temporary waiver of the pre-petition credit counseling requirement pursuant to 11 U.S.C. § 109(h)(1). In his declaration, the Debtor stated that he filed his bankruptcy petition on November 30, 2009 to stop the foreclosure sale of his home which was scheduled to take place that day, at 1:30 p.m. He stated that he contacted a credit counseling agency 45 minutes before the scheduled foreclosure sale and was advised that the counseling process would take 45 minutes if done over the Internet. However, he did not have access to the Internet. He was advised that the process would take longer if conducted by other means. Under the circumstances, the Debtor stated, he was forced to file for

bankruptcy prior to completing the counseling in order to save his home. On December 23, 2009, the Debtor filed a Certificate of Credit Counseling, indicating that he had completed the counseling process that day.

On January 15, 2010, the chapter 13 trustee (the "Trustee") filed an objection to the Debtor's motion. The objection asserted that 11 U.S.C. § 109(h)(3) acknowledges that the pre-petition credit counseling requirement may be waived due to "exigent circumstances." However, according to the objection, 11 U.S.C. § 109(h)(4) delineated the circumstances under which the requirement may be waived: i.e., incapacity, disability, or active military duty in a military combat zone. Since the Debtor satisfied none of these circumstances, the Debtor was not entitled to the requested waiver.

On January 27, 2010, the Debtor filed a reply to the Trustee's objection. In the reply, the Debtor noted that he was not seeking a permanent waiver of the credit counseling requirement pursuant to 11 U.S.C. § 109(h)(4), merely a temporary waiver pursuant to 11 U.S.C. § 109(h)(3). He contended that the circumstances that he had described qualified as "exigent circumstances" as required by § 109(h)(3). In support of this contention, he cited In re Romero, 349 B.R. 616 (Bankr. N.D. Cal. 2006). In Romero, the bankruptcy court held that filing to halt an imminent wage garnishment qualified as an "exigent circumstance." The Debtor contended that, if Romero was correct, the imminent foreclosure of one's home should also qualify as an "exigent circumstance."

2

Section 109(h)(3) provides that the debtor may obtain credit counseling post-petition provided he:

> ...submits to the Court a certification that-
> (i) describes exigent circumstances that merit a waiver of the [pre-petition credit counseling] requirements...;
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain...[pre-petition credit counseling] during the 5-day period beginning on the date on which the debtor made that request; and
> (iii) is satisfactory to the court.

11 U.S.C. § 109(h)(3). Thus, there are three prongs that a debtor must satisfy to obtain a temporary waiver of the pre-petition credit counseling requirement. The Court agrees with the Debtor that the imminent foreclosure of one's home satisfies the first prong of § 109(h)(3). However, the Debtor is unable to satisfy the second prong.

In Romero, the debtors stated that they first contacted a credit counseling three days before the petition date and were informed that they could not obtain credit counseling agency for a week. This would have been too late to stop the wage garnishment. The Romero court held that this satisfied 11 U.S.C. § 109(h)(3) and granted them a temporary waiver. Thus, under the approach taken by the Romero court, the Debtor would be entitled to a temporary waiver of the pre-petition credit counseling requirement if the credit counseling agency had stated that it could not provide counseling within five days even though the request was made only 45 days before the petition was filed.

3

The Court reads § 109(h)(3) somewhat differently than the Romero court. The Court reads the statute to require the request to be made at least five days before the bankruptcy filing. However, even under the Romero reading of the statute, the Debtor would not qualify for a temporary waiver. The credit counseling agency contacted by the Debtor was willing and able to provide counseling within five days. Thus, the Debtor is unable to satisfy the second prong of § 109(h)(3).

The Court concludes that the above-captioned case must be dismissed due to the Debtor's failure to obtain pre-petition credit counseling and his failure to qualify for a temporary waiver of this requirement pursuant to 11 U.S.C. § 109(h)(3). Based on the foregoing, it is

SO ORDERED.

END OF DOCUMENT

```
 1                        COURT SERVICE LIST
 2   T. Donald Otero
 3   102 Marsala Court
     Hercules, CA 94547
 4
     James A. Shepherd
 5   Law Offices of James Shepherd
     514 El Cerrito Plaza
 6   El Cerrito, CA 94530-4006

 7   Martha G. Bronitsky
     P.O. Box 5004
 8   Hayward, CA 94540-5004
```